UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICK DAVIS, SR., MATHEW KOOHNS, and BRETT A. LOCKHART, SR., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTH GROUP INCORPORATED, UNITEDHEALTHCARE INSURANCE COMPANY, UNITEDHEALTHCARE OF WASHINGTON, INC., and UNITED HEALTHCARE SERVICES, INC.,<br><br>Defendants. | CASE NO. C21-01220RSM<br><br>ORDER DENYING MOTION TO DISMISS |

## I.  INTRODUCTION

This matter comes before the Court on Defendants UnitedHealth Group Inc., UnitedHealthcare Insurance Company, UnitedHealthcare of Washington, Inc., and United HealthCare Services, Inc. (collectively, "United")'s Motion to Dismiss the First Amended Complaint. Dkt. #29. Plaintiffs Rick Davis, Sr. ("Davis"), Matthew Koohns ("Koohns"), and Brett A. Lockhart, Sr. ("Lockhart," and collectively, "Plaintiffs") oppose the Motion. Dkt. #32.

ORDER DENYING MOTION TO DISMISS - 1

The Court has determined oral argument is unnecessary. For the reasons stated below, the Court DENIES Defendants' Motion.

## II. BACKGROUND[1]

Plaintiffs are three alleged beneficiaries of ERISA-governed health benefit plans for which United was the claims administrator. Dkt. #28 ("FAC") ¶¶ 16–18, 21, 131. Plaintiff Davis is allegedly insured under the Target Corporation Employee Umbrella Welfare Benefit Plan (the "Target Plan") administered by Defendant United Healthcare Services, Inc. ("UHS"). *Id.* ¶ 16. Plaintiff Koohns is allegedly insured under the Miles Sand & Gravel Welfare Benefit Plan (the "MS&G Plan"), which is underwritten and administered by United Healthcare of Washington, Inc. ("UHC Washington"). *Id.* ¶ 17. Plaintiff Lockhart is allegedly insured under the Jacobs Engineering Group Inc. Medical Plan (the "Jacobs Plan") administered by UHS. *Id.* ¶ 18.

Defendant United HealthGroup ("UHG") issues and administers health benefit plans and makes benefit determinations pursuant to those plans. *Id.* ¶ 21. UHG is a fiduciary under ERISA with regard to its benefit determinations at issue in this litigation. *Id.* Defendant United HealthCare Insurance Company ("UHIC") is a wholly owned and controlled subsidiary of Defendant UHS. *Id.* ¶ 22. UHIC is the entity that handles appeals of benefit denials and is an ERISA fiduciary. *Id.* Defendant UHS is a wholly owned and controlled subsidiary of UHG delegated to make coverage and benefit determinations and is an ERISA fiduciary. *Id.* ¶ 23.

Plaintiffs allege they received care from out-of-network ("ONET") providers. *Id.* ¶ 15. For ONET providers, Plaintiffs allege that United contracts with third-party vendors like Multiplan which in turn negotiate rates with various ONET providers. *Id.* ¶¶ 33, 93. Plaintiffs' healthcare plans with United ("Plans" or "Vendor Contract Plans") allegedly allow participants

---

[1] Except as otherwise noted, the following background facts are taken from Plaintiffs' First Amended Complaint, Dkt. #28, and accepted as true for purposes of ruling on this Motion to Dismiss.

ORDER DENYING MOTION TO DISMISS - 2

to receive care from ONET providers as Plaintiffs did. *Id.* ¶¶ 15, 129. The Vendor Contract Plans set forth a two-step process for United to determine expenses eligible for coverage, "Eligible Expenses" or "Allowed Amounts." *Id.* ¶¶ 8, 99.

The Target and Jacobs Plans state, in part:

> **For Non-Network Benefits**, Eligible Expenses are based on either of the following:
> • When Covered Health Services are received from a non-Network provider, Eligible Expenses are determined, based on:
>   - Negotiated rates agreed to by the non-Network provider and either UnitedHealthcare or one of UnitedHealthcare's vendors, affiliates or subcontractors, at UnitedHealthcare's discretion.
>   - If rates have not been negotiated, then one of the following amounts: . . . .

Stalinski Decl., Ex. 1 at 7; Ex. 2 at 10.

The MS&G Plan states, in part:

> **For Out-of-Network Benefits**, Allowed Amounts are based on either of the following:
> • When Covered Health Services are received from an out-of-Network provider, Allowed Amounts are determined, based on:
>   ▪ Negotiated rates agreed to by the out-of-Network provider and either us or one of our vendors, affiliates or subcontractors.

Stalinski Decl., Ex. 3 at 32.

Plaintiffs allege United unreasonably interpreted and administered the terms of their Vendor Contract Plans. *Id.* ¶ 11. Additionally, Plaintiffs allege that United violated the terms of their Plans when it reimbursed their ONET providers at rates that were lower than the negotiated rates agreed upon by the ONET providers and third-party vendors. *Id.* ¶¶ 44, 79, 113. Plaintiffs allege United's conduct was self-serving of its own economic interests and United therefore breached its fiduciary duties, including its duty of loyalty. *Id.* ¶ 11.

Further, Plaintiffs allege that United followed its own internal guideline, the "Policy for Out-of-Network Providers Contracted with a Third-Party Network Vendor" ("United ONET Policy"), which purports to give United the discretion to choose to either use negotiated rates or

ORDER DENYING MOTION TO DISMISS - 3

an alternative methodology. *Id.* ¶¶ 116, 118. Additionally, Plaintiffs allege that the United ONET Policy violates the unambiguous terms of the Vendor Contract Plans, and the terms of these Plans require United, as the claims administrator and ERISA fiduciary, to apply the contracted rate established by a pre-existing vendor contract for setting the allowed amounts for ONET services. *Id.* ¶ 123.

## III. DISCUSSION

### A. Request for Judicial Notice

"Generally, on a 12(b)(6) motion, the District Court should consider only the pleadings." *Shaver v. Operating Engineers Local 428 Pension Trust Fund,* 332 F.3d 1198, 1201 (9th Cir. 2003). However, the Court may consider "materials incorporated into the complaint by reference, and matters of judicial notice." *New Mexico State Inv. Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011). Here, United requests that the Court consider two categories of materials: (1) Exhibits 1, 2, and 3 of the Stalinski Declaration (Dkt. #30) which are the summary plan descriptions for Plaintiffs' Plans; and (2) United's ONET Policy. Dkt. #31. Plaintiffs do not dispute the authenticity of these documents or otherwise oppose the Court's consideration of these pages. United's unopposed request for judicial notice is GRANTED.

### B. Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the

plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Plaintiffs initiated this action on behalf of a putative class asserting three claims against United. The first claim is for an alleged violation of the written terms of the Plans and for a breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(1)(B). FAC ¶¶ 137–40. Second, "to the extent that the Court finds that the injunctive relief sought below is unavailable pursuant to 29 U.S.C. § 1132(a)(1)(B)," Plaintiffs bring a claim pursuant to 29 U.S.C. § 1132(a)(3)(A). *Id.* ¶¶ 141–42. Third, Plaintiffs bring a claim pursuant to 29 U.S.C. § 1132(a)(3)(B) "only to the extent that the Court finds that the equitable relief sought below is unavailable pursuant to 29 U.S.C. § 1132(a)(1)(B) or 29 U.S.C. § 1132(a)(3)(A)." *Id.* ¶¶ 143–44.

United argues that dismissal of Plaintiffs' amended complaint is warranted because (1) Plaintiffs fail to state a claim for the denial of benefits under their ERISA-governed Vendor Contract Plans; (2) Plaintiffs fail to state a claim for breach of fiduciary duty by United; (3) Plaintiffs claim for equitable relief under § 502(a)(3) is duplicative of their remedy under § 502(a)(1)(B); and (4) Plaintiffs lack Article III standing to pursue an injunction or other prospective relief. Dkt. #29 at 9–18.

**1. Plaintiffs' Claims Under § 502(a)(1)(B)**

Under 29 U.S.C. § 1132(a)(1)(B), a civil action may be brought "by a participant, beneficiary, or fiduciary [ ] to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Denials of benefits under this provision are "to be reviewed under a *de novo* standard

unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone v. Bruch,* 489 U.S. 101, 115 (1989).

If the administrator or fiduciary who is given discretionary authority operates under a conflict of interest, "that conflict must be weighed as a facto[r] in determining whether there is an abuse of discretion." *Id. De novo* review applies in instances where the administrator has a serious conflict of interest that the beneficiary can demonstrate with "material, probative evidence, beyond the mere fact of an apparent conflict, tending to show that the fiduciary's self-interest caused a breach of the administrator's fiduciary obligations to the beneficiary." *Gatti v. Reliance Standard Life Ins. Co.*, 415 F.3d 978, 985 (9th Cir. 2005) (quotation marks omitted). The administrator must have engaged in "wholesale and flagrant violation[ ] of the procedural requirements of ERISA and thus act[ ] in utter disregard of the underlying purpose of the plan as well." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 971 (9th Cir. 2006).

### a. United's Discretion Under the Plans

United first moves to dismiss Plaintiffs' claims for failure to state a claim for the denial of benefits by United. *Id.* at 9. United argues that Plaintiffs' Plans "vest United with broad discretion to choose among different methodologies to pay [ONET] providers" and that "Plaintiffs' interpretation of the Plans runs counter to the plain language of the Plans." *Id.*

Focusing on the plain language of the Plans pertaining to Non-Network Benefits, United argues that the phrase "at UnitedHealthcare's discretion" expressly vests United with discretion to choose an appropriate reimbursement methodology. Dkt. #29 at 11. Plaintiffs contend that United's interpretation is unreasonable and would render the conditional phrases meaningless. Dkt. #32 at 12–14.

The Court agrees with Plaintiffs that the discretionary phrase in the Plans does not allow United to dispose of a negotiated rate if the parties have agreed to a rate. Instead, the Court finds that United's discretion applies to who the negotiating party is on behalf of United. Specifically, "either UnitedHealthcare or one of UnitedHealthcare's vendors, affiliates or subcontractors." As such, the phrase "at UnitedHealthcare's discretion" does not allow United to elect which methodology it will use to pay benefits where, as here, rates have been negotiated.

Next, United argues that two of the Plans expressly contemplate and reference UnitedHealthcare's Shared Savings Program. Dkts. #29 at 10–11, #34 at 4–5. Plaintiffs contend that the definition of this program is irrelevant to the meaning of the ONET Reimbursement Provision, which Plaintiffs allege United unreasonably interpreted. Dkt. #32 at 15. The definition of the Shared Savings Program in both the Target and Jacobs Plans provides that "when contractually permitted, the Plan may pay the lesser of the Shared Savings Program discount or an amount determined by the Claims Administrator[.]" Stalinski Decl., Ex. 1 at 130, Ex. 2 at 146.

The Court agrees with United that the Plans' reference to the Shared Savings Program and its accompanying definition contained in two of the three Plans is relevant and vests discretionary authority in United, as the claims administrator, in determining Eligible Expenses. The Court finds that the Shared Savings Program definition supports United's interpretation of the Non-Network Benefits provision in the Target and Jacobs Plans. However, United cannot apply this interpretation where, as alleged in the FAC, United did so in alleged violation of its ERISA fiduciary duties further explained below.

Next, United asserts that the Plans at issue incorporate United's ONET Policy, an internal policy, explaining that "Eligible Expenses" (or "Allowed Amounts" in the case of the MS&G Plan) are determined "solely in accordance" with United's "reimbursement policy guidelines." Dkt. #34 at 5 (citing Stalinski Decl., Ex. 1 at 7; Ex. 2 at 10; Ex. 3 at 32). Plaintiffs argue that

United's ONET Policy is a self-serving document that purports to allow United to ignore the clear and unambiguous terms of the Plans. Dkt. #32 at 17–18. Further, Plaintiffs argue that even if this internal policy could be read as giving the fiduciary unlimited discretion as United suggests, United cannot legally use this discretion to advance its own interests in a way that harms beneficiaries as Plaintiffs have alleged. *Id.* at 18.

In Washington, "incorporation by reference must be clear and unequivocal." *W. Washington Corp. of Seventh-Day Adventists v. Ferrellgas, Inc.*, 102 Wash. App. 488, 494, 7 P.3d 861 (2000) (citing *Santos v. Sinclair,* 76 Wash.App. 320, 325, 884 P.2d 941 (1994)). Here, the Plans clearly and unequivocally incorporate United ONET's Policy. *See, e.g.*, *MARIE FORTIER, on behalf of herself & all others similarly situated, Appellant, v. ANTHEM, INC., & ANTHEM UM SERVICES, INC., Appellees.*, No. 20-56361, 2021 WL 5277099 (9th Cir. 2021) (holding the plan incorporated the policy where it stated that the entity "uses clinical coverage guidelines, such as medical policy, clinical guidelines, and other applicable policies…to help make medical necessity decisions"). In all the Plans at issue, United expressly references "reimbursement policies" that are applied to in-Network and out-of-Network billings. Stalinski Decl., Ex. 1 at 115; Ex. 2 at 132–33; Ex 3. at 5–6.

### b.  United's Fiduciary Duties

Having determined that United has discretionary authority, the Court finds that United also operates under a conflict of interest which must be weighed as a factor in determining whether there is an abuse of discretion. Although United's ONET Policy may be incorporated into the Plans, this policy does not apply where prohibited by law. Here, Plaintiffs have plausibly alleged that United's application of these guidelines violated United's fiduciary duties under ERISA due to its structural and financial conflicts of interest. FAC ¶¶ 114–26. United served a dual role as Plan administrator and insurer (authorized to determine the benefits owed and

responsible for paying such benefits). *See Wit v. United Behav. Health*, 58 F.4th 1080 (9th Cir. 2023) ("Where an administrator has a dual role as plan administrator and plan insurer, there is a structural conflict of interest."). Plaintiffs allege United's interpretation of the ONET Policy conflicts with the plain language of the Plans which, as established above, require United to apply the agreed-upon contracted rate. FAC ¶ 123. Plaintiffs point to United's receipt of a "savings" fee anytime it causes the plan to pay less than billed charges as a financial incentive for United to apply the ONET Policy and collect a larger fee, in violation of its fiduciary duties. *Id.* ¶¶ 120–21.

Plaintiffs fail to provide evidence that United engaged in "wholesale and flagrant violation" of ERISA or acted in "utter disregard of the underlying purpose of the plan" as to warrant *de novo* review. *Abatie*, 458 F.3d at 971. Therefore, the Court applies the abuse of discretion standard, weighing the conflict of interest as a factor.

Under the abuse of discretion standard, an administrator's denial of benefits must be upheld "if it is based upon a reasonable interpretation of the plan's terms and if it was made in good faith." *McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1113 (9th Cir. 2000). The analysis is not based on "whose interpretation of the plan documents is most persuasive, but whether the [administrator's] interpretation is unreasonable." *Canseco v. Constr. Laborers Pension Tr.*, 93 F.3d 600, 606 (9th Cir. 1996) (internal quotation marks omitted). Put another way, a court looks to the plain language of the plan to determine whether the administrator's interpretation of the plan is "arbitrary and capricious." *Id.* As explained above, United's interpretation of the Plans was not unreasonable and United therefore did not construe the terms of the Plan in an arbitrary and capricious manner. Under the plain language of the Plans, it is reasonable to interpret that United has discretion in choosing which methodology it will use when determining the payment of benefits for services provided by ONET providers. However, weighing the conflict of interest facts as Plaintiffs have alleged, which United does not dispute are well pleaded, the Court finds

that Plaintiffs have plausibly alleged that United did not comply with its ERISA fiduciary duties when its decision to use another rate was allegedly influenced by its own economic self-interest.

### 2. Plaintiffs' Claims Under § 502(a)(3)

In *Varity Corp v. Howe*, the Supreme Court held that § 502(a)(3) of ERISA permits individuals to obtain "appropriate" equitable relief for a breach of210 fiduciary duty. 516 U.S. 489, 512–15 (1996). The Court went on to hold that such relief under § 502(a)(3) is unavailable where another section of ERISA provides a plaintiff with an adequate remedy. *Id.* at 515. However, Varity did not explicitly prohibit a plaintiff from pursuing simultaneous claims under § 1132(a)(1)(B) and § 1132(a)(3). *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948 (9th Cir. 2016), *as amended on denial of reh'g and reh'g en banc* (Aug. 18, 2016). "To qualify as 'equitable relief,' both '(1) the basis for the plaintiff's claim and (2) the nature of the underlying remedies sought' must be equitable rather than legal." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643 (9th Cir. 2019) (citing *Montanile v. Bd. of Trustees of Nat. Elevator Indus. Health Benefit Plan*, 577 U.S. 136, 142 (2016)).

United argues that § 502(a)(1)(B) provides an adequate remedy for Plaintiffs' claims and that the "equitable" relief sought by Plaintiffs is the payment of benefits, or money damages, which is a classic form of legal relief. Dkt. #29 at 15. Plaintiffs argue that § 1132(a)(1)(B) and § 1132(a)(3) claims may proceed simultaneously so long as there is no double recovery, citing *Moyle v. Liberty Mutual Retirement Benefit Plan*, 823 F.3d 948, 961 (9th Cir. 2016). Dkt. #32 at 20. Plaintiffs further argue that alternative claims for relief under § 502(a)(3) remain permissible at the pleading stage. *See, e.g.*, *Hancock v. Aetna Life Ins. Co.*, 251 F. Supp. 3d 1363, 1370 (W.D. Wash. 2017) ("[E]ven at the summary judgment stage, a plaintiff may proceed with simultaneous claims under Sections 1132(a)(1)(B) and (a)(3)").

ORDER DENYING MOTION TO DISMISS - 10

Here, the equitable relief sought by Plaintiffs under claims two and three is a declaration that United violated its legal obligations and an injunction preventing United from engaging in the alleged misconduct described in the FAC. FAC at 39. The Court finds that Plaintiffs' claims may proceed simultaneously at this point in the pleading stage.

3. **Article III Standing**

Article III of the U.S. Constitution authorizes the judiciary to adjudicate only "cases" and "controversies." The doctrine of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). For injunctive relief, which is a prospective remedy, the threat of injury must be "actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). In other words, the "threatened injury must be *certainly impending* to constitute injury in fact" and "allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

United contends that Plaintiffs lack standing to seek injunctive relief. Dkt. #29 at 17–18. Plaintiffs argue that such relief is proper where, as here, they have alleged that they are still members or participants in their Vendor Contract Plans. Dkt. #32 at 21–22. Additionally, Plaintiffs point to the statutory language of ERISA, which authorizes plaintiffs to sue "to enjoin any act or practice which violates [ERISA] or the terms of the plan[.]" 29 U.S.C. § 1132(a)(3)(A). Given Plaintiffs' allegations that they are still participants in the Vendor Contract Plans at issue and ERISA's express authorization regarding future actions, the Court finds that Plaintiffs have Article III standing to pursue injunctive relief.

//

//

//

ORDER DENYING MOTION TO DISMISS - 11

## IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant United's Motion to Dismiss the First Amended Complaint, Dkt. #28, is DENIED.

DATED this 14th day of April, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE