UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICK DAVIS, SR., MATHEW KOOHNS, and BRETT A. LOCKHART, SR., individually and on behalf of all others similarly shared,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED HEALTH GROUP INCORPORATED, UNITEDHEALTHCARE INSURANCE COMPANY, UNITEDHEALTHCARE OF WASHINGTON, INC., and UNITED HEALTHCARE SERVICES, INC.,<br><br>Defendants. | Case No. C21-01220-RSM<br><br>ORDER RE SUBMISSION CONCERNING CASE SCHEDULE |

This matter comes before the Court on the parties' Submission Concerning Case Schedule. Dkt. #39. On April 14, 2023, the Court issued its decision denying Defendants' Motion to Dismiss. Dkt. #35. Since then, the parties have met and conferred to discuss discovery and the case schedule. Dkt. #39 at 1. The parties now submit their respective proposals for a case schedule. *Id.*

The parties generally agree about a proposed schedule through class certification, but diverge thereafter. Plaintiffs seek entry of a scheduling order that tracks to and locks in the March

ORDER - 1

2025 trial date provided to the parties by the Court. *Id.* at 1–2. Plaintiffs believe that basing the schedule on a fixed trial date will encourage the parties to litigate efficiently and cause the case to proceed to trial more quickly. Defendants propose a schedule under which, after the Court issues a decision on any class certification motion, the parties would confer to develop a schedule for the next phase(s) of the case. *Id.* at 2. Defendants propose deferring setting a trial date until after the Court issues its rulings on dispositive motions, or in the alternative that any trial occur at least three months after any decision on dispositive motions (or as soon thereafter as the Court is available).

"A stay is not a matter of right. It is instead an exercise of judicial discretion that is dependent upon the circumstances of the particular case." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (cleaned up). In considering a request for a stay, factors weighed by the Court may include "'the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The moving party bears the burden to show a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Here, Defendants argue the Court should stay discovery and other pretrial deadlines pending the resolution of any class certification motion because "it is premature to set a trial date before the Court has ruled on class certification or dispositive motions, which could have a significant impact on the scope of any trial in this case." Dkt. #39 at 2. While Defendants may prefer a particular order of resolution, they do not demonstrate that the orderly course of justice

ORDER - 2

would be better served through imposition of a stay. Defendants fail to establish a stay in this matter would be appropriate or warranted at this time. The Court therefore ORDERS the following case schedule, keeping the current expected trial date:

| Date | Event |
|---|---|
| 12/15/2023 | Substantial completion of fact discovery |
| 1/12/2024 | Disclosure of Plaintiffs' class certification expert name(s)/CV(s)/brief description of the subject matter of the expected testimony. |
| 1/26/2024 | Class certification motion and service of Plaintiffs' class-certification expert report (if any) |
| 2/23/2024 | Disclosure of Defendants' class certification expert name(s)/CV(s)/brief description of the subject matter of the expected testimony. |
| 3/08/2024 | Opposition to class certification and service of Defendants' class-certification expert report (if any) |
| 4/5/2024 | Reply to class certification and service of rebuttal class-certification expert report (if any) |
| 7/5/2024 | Substantial completion of any supplemental fact discovery |
| 7/26/2024 | Plaintiffs' merits expert reports due |

ORDER - 3

| | |
|---|---|
| 8/23/2024 | Defendants' merits expert reports due |
| 9/20/2024 | Close of expert discovery |
| 10/18/2024 | Close of all discovery; dispositive motion(s) filed |
| 11/22/2024 | Opposition(s) to dispositive motion(s) |
| 12/13/2024 | Reply in support of dispositive motion(s) |
| 1/17/2025 | Plaintiffs' pretrial statement |
| 1/27/2025 | Defendants' pretrial statement |
| 2/20/2025 | Proposed pretrial order |
| 3/25/2025 | Trial begins (est. 10 trial days) |

DATED this 12th day of July, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4