The Honorable Judge Ricardo S. Martinez

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| RICK DAVIS, SR., MATHEW KOOHNS, and BRETT A. LOCKHART, SR., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> UNITEDHEALTH GROUP INCORPORATED, UNITEDHEALTHCARE INSURANCE COMPANY, UNITEDHEALTHCARE OF WASHINGTON, INC., and UNITED HEALTHCARE SERVICES, INC., <br><br> Defendants. | CASE NO. 2:21-CV-01220-RSM <br><br> **STIPULATED PROTECTIVE ORDER AND ORDER** <br><br> **NOTE ON MOTION CALENDAR:** **September 13, 2023** |

1.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this agreement is consistent with LCR 26(c).  It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential

treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

The parties acknowledge that information produced in this case, regardless of its designation under this agreement, may contain personal and health information subject to the protections of, *inter alia*, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the applicable requirements of the Standards for Privacy of Individually Identifiable Health Information and its implementing regulations issued by the U.S. Department of Health and Human Services (45 C.F.R. Parts 160-164; HIPAA Privacy Regulations), Wash. Rev. Code § 70.02 *et seq.*, and Wash. Admin. Code 284-04 *et seq.* (collectively "Privacy Laws"), which protect the confidentiality of individually identifiable personal and health information. The parties agree to comply with the requirements of the Privacy Laws and any other applicable laws governing the privacy of personal and health information. The parties expressly agree that the citations to the Privacy Laws in this paragraph are for convenience only and that it remains the obligation of each party to the action to understand and comply with the obligations imposed by the Privacy Laws and any other potentially applicable federal and state law.

2.    DEFINITIONS

    2.1    "CONFIDENTIAL" MATERIAL:

"Confidential" material (regardless of how it is generated, stored, or maintained) shall include, but is not limited to, the following documents and tangible things produced or otherwise exchanged:

- Protected health information ("PHI"), as defined in 45 C.F.R. § 160.103 and 164.501, which includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual;

STIPULATED PROTECTIVE ORDER AND ORDER – 2
 2:21-CV-01220-RSM

- Documents containing proprietary business information or trade secrets;
- Documents containing personal, financial, medical or other information subject to a right of privacy; and
- Any other documents or information that should otherwise be subject to confidential treatment pursuant to the Federal Rules of Civil Procedure.

Nothing in this paragraph shall be construed as overruling any other objection that a producing party may have to a discovery request calling for information that may be encompassed by this paragraph.  The parties may agree to amend this list to specifically identify other records that may be requested in discovery, but an amendment is not a precondition to marking other material not specifically identified above as "Confidential."

2.2    "CONFIDENTIAL–ATTORNEYS' EYES ONLY" MATERIAL:   information that the designating party reasonably and in good faith believes is so highly sensitive that it should not be disclosed to any person other than counsel for the parties in the above captioned case because designating the information otherwise could result in significant competitive or commercial disadvantage to the designating party.  The categories of documents identified in Section 2.1 may qualify as "Confidential–Attorney's Eyes Only" material and may be designated as such.

3.    SCOPE

The protections conferred by this agreement cover not only Confidential and Confidential–Attorneys' Eyes Only material (as defined in Section 2), but also (1) any information copied or extracted from Confidential or Confidential–Attorneys' Eyes Only material; (2) all copies, excerpts, summaries, or compilations of Confidential and Confidential–Attorneys' Eyes Only material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential or Confidential–Attorneys' Eyes Only material.

However, the protections conferred by this agreement do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving

party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this agreement; and (b) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party.  In addition, this agreement shall not limit a party's or non-party's ability to use its own Confidential or Confidential–Attorneys' Eyes Only material for any purpose.  Any use of Confidential or Confidential–Attorneys' Eyes Only material at trial shall be governed by a separate agreement or order.

4.    ACCESS TO AND USE OF CONFIDENTIAL AND CONFIDENTIAL–ATTORNEYS' EYES ONLY MATERIAL

4.1    Basic Principles.    A receiving party may use Confidential or Confidential–Attorneys' Eyes Only material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential or Confidential–Attorneys' Eyes Only material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential or Confidential–Attorneys' Eyes Only material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Material.    Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is considered Confidential–Attorneys' Eyes Only and is so designated;

STIPULATED PROTECTIVE ORDER AND ORDER – 4
 2:21-CV-01220-RSM

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(e)     the Court, court personnel, and court reporters and their staff;

(f)     copy or imaging services retained by counsel to assist in the duplication of Confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material;

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(h)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     Disclosure of "CONFIDENTIAL–ATTORNEYS' EYES ONLY" Material: Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential–Attorneys' Eyes Only material only to:

(a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the receiving party's in house counsel, with no responsibilities for network contracting or rate negotiations;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER AND ORDER – 5
2:21-CV-01220-RSM

(d)      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(e)      the Court, court personnel, and court reporters and their staff;

(f)      copy or imaging services retained by counsel to assist in the duplication of Confidential–Attorneys' Eyes Only material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential–Attorneys' Eyes Only material to any person or entity outside the scope of this agreement, and to immediately return all originals and copies of any Confidential–Attorneys' Eyes Only material;

(g)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential–Attorneys' Eyes Only material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(h)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.4      <u>Filing Confidential or Confidential–Attorneys' Eyes Only Material:</u>  Before filing Confidential or Confidential–Attorneys' Eyes Only material, or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under

STIPULATED PROTECTIVE ORDER AND ORDER – 6
 2:21-CV-01220-RSM

seal.  A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.  DESIGNATING PROTECTED MATERIAL

   5.1  Exercise of Restraint and Care in Designating Material for Protection.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.  However, where it is administratively unfeasible or unduly burdensome to designate only portions of material documents, items, or communications that contain confidential information, the parties may agree to allow wholesale designation to facilitate production, with an agreement to allow for later limited designation as may be appropriate or necessary depending upon the overall relevance/importance of the information produced.

   Mass, indiscriminate, or routinized designations are otherwise prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

   If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

   5.2  Manner and Timing of Designations.  Except as otherwise provided in this agreement or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for

protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     <u>Information in documentary form:</u>  (*e.g.,* paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party, to the extent practicable, shall identify only the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     <u>Testimony given in deposition or in other pretrial proceedings:</u>  the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within (15) fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential or Confidential–Attorneys' Eyes Only.  If a party or non-party desires to protect such information at trial, the issue should be addressed during the pre-trial conference.

(c)     <u>Other tangible items:</u>  the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated

in accordance with the provisions of this agreement.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.   Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention.   If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable).   The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (*e.g.,* to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY" that party must: (a) promptly notify the

STIPULATED PROTECTIVE ORDER AND ORDER – 9
 2:21-CV-01220-RSM

designating party in writing and include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement.  Such notification shall include a copy of this agreement; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential or Confidential–Attorneys' Eyes Only material may be affected.

8.    UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL OR CONFIDENTIAL–
      ATTORNEYS' EYES ONLY MATERIAL

      If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential or Confidential–Attorneys' Eyes Only material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately: (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential or Confidential–Attorneys' Eyes Only material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement; and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    INADVERTENT PRODUCTION OR DISCLOSURE OF PRIVILEGED OR
      OTHERWISE PROTECTED MATERIAL

      9.1    Obligations of Receiving Party.  When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

      9.2    Non-Waiver.  Pursuant to Federal Rule of Evidence 502(d), in the event that privileged or otherwise protected material is produced or disclosed, such inadvertent production

or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product protection, or other applicable protection in this case or any other federal or state proceeding, provided that the producing party shall notify the receiving party in writing of such protection or privilege promptly after the producing party discovers such materials have been inadvertently produced.

9.3     <u>Right To Compel Production.</u>  A party may move the Court for an order compelling production of the inadvertently produced or disclosed privileged or otherwise protected material on the ground that it is not, in fact, privileged or protected.  The motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production.  Any effort to file under seal pursuant to this paragraph must comply with Civil Local Rule 5(g).  The producing party retains the burden of establishing the privileged or protected nature of any inadvertently disclosed or produced information.  While such a motion is pending, the inadvertently produced material at issue shall be treated in accordance with paragraphs 9.1 and 9.2 above.

9.4     <u>Good-Faith Obligations of Receiving Party.</u>  If a receiving party, in reviewing any material it has received from any other party or any non-party, finds anything the receiving party believes in good faith may be inadvertently produced or disclosed material, the receiving party shall: (a) refrain from any further examination or disclosure of the potentially inadvertently produced or disclosed material; (b) promptly identify the material in question to the producing party (by document number or other equally precise description); and (c) give the producing party seven (7) days to respond as to whether the producing party will make a claim of inadvertent producing or disclosing.  If the producing party makes such a claim, the provisions of paragraphs 9.1–9.3 above shall apply.

10.     <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving Party must return all Confidential and Confidential–Attorneys' Eyes Only material to the

producing party, including all copies, extracts and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: September 13, 2023

By: */s/ Andrew Goldfarb*

ZUCKERMAN SPAEDER LLP

Andrew Goldfarb *(pro hac vice)*
1800 M. Street NW, Ste 1000
Washington, DC 20036
E-mail:  agoldfarb@zuckerman.com

ZUCKERMAN SPAEDER LLP

Brian Hufford *(pro hac vice)*
Jason Cowart *(pro hac vice)*
485 Madison Ave., 10th Floor
New York, NY 10022
Email: dbhufford@zuckerman.com
Email: jcowart@zuckerman.com

SIRIANNI YOUTZ SPOONEMORE HAMBURGER

By: */s/Eleanor Hamburger*
Eleanor Hamburger, WSBA No. 26478
3101 Western Ave., Suite 350
Seattle, WA 98121
Email:  ehamburger@sylaw.com

*Attorneys for Plaintiffs*

STIPULATED PROTECTIVE ORDER AND ORDER – 12
2:21-CV-01220-RSM

1    DATED: September 13, 2023              By: */s/ Heather L. Richardson*

2                                          GIBSON, DUNN & CRUTCHER LLP

3                                          Heather L. Richardson (*pro hac vice*)
                                           333 South Grand Avenue
4                                          Los Angeles, CA 90071
                                           Telephone:  +1 213.229.7409
5                                          Facsimile:  +1 213.229.6409
                                           E-mail:  HRichardson@gibsondunn.com
6
                                           Lauren M. Blas (*pro hac vice*)
7                                          333 South Grand Avenue
                                           Los Angeles, CA 90071
8                                          Telephone:  + 1 213.229.7503
                                           Facsimile:  +1 213.229.6503
9                                          Email:  LBlas@gibsondunn.com

10                                         LANE POWELL PC

11                                         By: */s/Erin M. Wilson*
                                           Barbara J. Duffy, WSBA No. 18885
12                                         Erin M. Wilson, WSBA No. 42454
                                           1420 Fifth Avenue, Suite 4200
13                                         P.O. Box 91302
                                           Seattle, Washington 98111-9402
14                                         Telephone:  206.223.7000
                                           duffyb@lanepowell.com
15                                         wilsonem@lanepowell.com

16                                         *Attorneys for Defendants*

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER AND ORDER – 13
2:21-CV-01220-RSM

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED:  September, 14, 2023

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

STIPULATED PROTECTIVE ORDER AND ORDER – 14
 2:21-CV-01220-RSM

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT OT BE BOUND

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Western District of Washington on [date] in the case of *RICK DAVIS, SR.,*

*et al. v. UNITEDHEALTH GROUP INCORPORATED, et al.*, Case No. 2:21-CV-01220-RSM.  I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER AND ORDER – 15
2:21-CV-01220-RSM